UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                    )
                                          )
   THE CAFÉ FAMILY LIMITED           )    Case No. 05-10301-SSM
   PARTNERSHIP                        )
                                          )    Chapter 11
               Debtor            )

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion filed by the debtor in possession on June 23, 2006, for reconsideration of this court's order of June 12, 2006, allowing the amended claim of Mundaca Financial Services, Inc. ("Mundaca"), in the reduced amount of $96,595.69. Mundaca has filed a response opposing the motion as time-barred. Neither party has noticed the motion for a hearing, and the court determines that a hearing is not required. L.B.R. 9013-1(L). For the reasons stated, the motion will be denied.

**Discussion**

Reconsideration of an order allowing or disallowing a claim is governed by § 502(j), Bankruptcy Code, and by Rule 3008, Federal Rules of Bankruptcy Procedure. Section 502(j) provides in relevant part:

> A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case.

Rule 3008, for its part, simply states:

> A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

1

Significantly, neither the statute nor the rule specifies a time limit for filing such a motion. The only reference to a time limit is in Rule 9024, which states that the one-year limitation in Fed. R. Civ. P. 60(b), does not apply to a motion for reconsideration of an order allowing or disallowing a claim against the estate "entered without a contest." Since the order partially allowing Mundaca's claim in this case was entered after a spirited evidentiary hearing, rather than "without a contest," it is presumably subject to the one-year limitation. But since the motion before the court was filed on the 11th day after entry of the order, the one-year limitation is not an issue, either.[1]

That leaves the question of whether meritorious grounds have been shown for reconsideration of the underlying ruling. The court believes not. Although neither § 502(j) nor Rule 3008 specify the grounds that might support reconsideration, most courts apply the familiar standards for relief under Rules 9023 and 9024, which incorporate Fed. R. Civ. P. 59 and 60, respectively. *See Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873, 874 (5th Cir. 1989) (holding that a Rule 3008 motion is analogous to a Rule 9023 if filed within the ten-day appeal period, but is treated as a Rule 9024 motion if filed more than ten days after entry of the order). In this Circuit, relief under Rule 59(e) requires a showing that amendment of the judgment is proper (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.

---

[1] Because reconsideration of an order allowing or disallowing a claim is governed by Rule 3008 rather than Rule 9023, the ten-day time limit for relief under the latter rule does not apply, and the court therefore rejects Mundaca's argument that this court "no longer has jurisdiction to reconsider the matter." Mundaca Resp. ¶ 6. Nevertheless, the failure to file the motion within the ten-day period for a Rule 9023 motion is not without consequences, one of them being that the filing of the motion does not extend the time for filing a notice of appeal. Fed. R. Bankr. P. 8002(b). Whether proper grounds exist under Rule 8002(c) to extend the appeal period is not before the court at this time, and the court expresses no view.

*Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).  Relief under Rule 60(b) requires a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) voidness of the judgment; (5) satisfaction, release or discharge of the judgment, or the reversal or vacation of a prior judgment upon which it relies; or (6) "any other reason" justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b)(1)-(6).

The sole ground asserted here is error in the admission of Mundaca's Exhibit 5.  The exhibit—a certified copy of a recorded assignment of a deed of trust— had not been produced to the debtor in response to a timely discovery request, but its existence was known to the debtor.  The debtor says, however, that although it knew of the instrument, it did not know that Mundaca would be relying on it in its case in chief.  The debtor does not, however, identify any particular evidence it would have put on to rebut or explain the assignment had it known that Mundaca would be offering it into evidence.  Normally, a party that fails without substantial justification to identify or produce a document in response to a discovery request will not be permitted to use the document as evidence at trial.  Fed. R. Civ. P. 37(c); Fed. R. Bankr. P. 7037.  However, the court may admit the evidence if the failure to produce it is "harmless."  *Id.* Mundaca's response to its discovery obligations could fairly be described as lackadaisical and incomplete.  Be that as it may, at bottom the court's ultimate goal in every contested proceeding is to reach a ruling that is legally and factually correct.  The particular document in question is a certified copy of a public record, and both its existence and contents were already known to the debtor.  Notwithstanding the debtor's generalized assertion that its own evidentiary presentation might have been different had it known in advance that the document

3

would be used as evidence, the court believes that Mundaca's failure to identify it in advance of the hearing was harmless.

## ORDER

It is, accordingly,

**ORDERED:**

1. The motion for reconsideration is denied.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge


Copies to:

James M. Towarnicky, Esquire
James M. Towarnicky, PLLC
3977 Chain Bridge Rd., Suite #1
Fairfax, VA 22030
Counsel for the debtor in possession

Roxanne F. Rosado, Esquire
Draper & Goldberg, P.L.L.C.
803 Sycolin Road, Suite 301
Leesburg, VA 20175
Counsel for Mundaca Financial Services, LLC

Jack Frankel, Esquire
Office of the United States Trustee
115 South Union St., Suite 210
Alexandria, VA 22314